83,146-01

Peter Cain Bruton

TDCJ No. 1730014; Mark W. Michael Unit

2664 FM 2054, Tennessee Colony, Texas 75886-5000

April 17, 2015

Court of Criminal Appeals of Texas
Post Office Box 12308
Austin, Texas 78711-2308

RE: **Ex parte Peter Cain Bruton**
  **Trial Court No. F-2007-0697-C(WHC1)**
  **211th Judicial District Court**
  **CCA No. Not yet assigned**

Dear Hon. Clerk:

  Enclosed for filing with the Court of Criminal Appeals of Texas is **Applicant's Reply to State's Answer.** Please file said document and bring it to the attention of the Court.

  Said reply was made and forwarded to the Denton County Criminal District Attorney's Office and the Denton County District Clerk on April 8, 2015. See enclosed letter to the clerk and the certificate of service. On April 17, 2015, I received a signed order from the trial court adopting the State's Proposed Findings of Fact and Conclusions of Law and Order. This order was dated April 7, 2015. Although I timely submitted this reply, the clerk may have forwarded the habeas record without the reply being included. I request that the reply be included in the habeas record and that it be considered by the Court in making its decision on the writ.

  Thank you for your assistance in this matter.

Sincerely,

*Cain Bruton*

PETER CAIN BRUTON
APPLICANT

Cc: File

  Denton County
  Criminal District Attorney's Office

  Denton County District Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 23 2015

Abel Acosta, Clerk

Peter Cain Bruton

TDCJ No. 1730014; Mark W. Michael Unit

2664 FM 2054, Tennessee Colony, Texas 75886-5000


April 8, 2015


Denton County District Clerk
Post Office Box 2146
Denton, Texas 76202-2146

RE: Ex parte Peter Cain Bruton
    Cause No. F-2007-0697-C(WHC1)
    211th Judicial District Court

Dear Hon. Clerk:

    Enclosed for filing with the 211th Judicial District Court
is **Applicant's Reply to State's Answer**. Please file said document
and bring it to the attention of the Court.

    Thank you for your assistance in this matter.

Sincerely,

PETER CAIN BRUTON
APPLICANT


Cc: File

    Denton County
    Criminal District Attorney's Office

CAUSE NO. F-2007-0697-C(WHC1)

EX PARTE                                    §          IN THE 211TH JUDICIAL
                                            §
                                            §              DISTRICT COURT OF
                                            §
PETER CAIN BRUTON                           §          DENTON COUNTY, TEXAS

APPLICANT'S REPLY TO STATE'S ANSWER

Applicant PETER CAIN BRUTON, submits his reply to State's answer and replies as follows:

I.

Applicant agrees that the procedural history is as stated by the State.

II.

Agreed that this is Applicant's first application for writ of habeas corpus. The date of receipt of the application by the state is acknowledged. Agreed as to the due date of State's Answer.

III.

The State has correctly identified Applicant's claim for habeas relief.

IV.

Admitted that the **Strickland** standard established by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668 (9184) controls the disposition of Applicant's claim of ineffective assistance of counsel. Furthermore, Applicant contends that his counsel's performance was deficient and that it prejudiced Applicant's defense. A denial of this application would be contrary to, and result from an unreasonable determination of,

1

clearly established law as promulgated by the United States Supreme Court; and would be the product of an unreasonable determination of the facts. Therefore, there is no reasonable basis for the state court to deny relief.

## V.

Applicant has clearly shown in his application and brief in support that the Defense's Motion In Limine was violated and that his trial counsel was deficient for not objecting to the violation.

In it's answer, the State admits that Applicant's motion in limine was "granted as to **other victims of offenses other than the offenses before this Court,** and other unindicted offenses with **victims different from the victim in the current case.**" See State's Answer, p. 3. Applicant properly raised his issue concerning the State's closing argument.

The State is attempting to distract the Court from the portion of their closing argument where they violated the motion in limine. **"When he got away with it before, it continued because no one stopped him."** See State's Answer, p. 3. This statement was a direct reference to offenses of other victims. Shortly after this comment, the State added: **"He's going to know no one is going to believe these kids."** See State's Answer, p. 3. This was another direct reference to offenses of other victims. Clearly, the motion in limine was violated. Applicant's trial counsel was deficient for not objecting to the violation.

Applicant acknowledges that the Eighth Court of Appeals did not decide whether or not the failure to make an objection to the violation of the motion in limine was a valid claim. However,

2

just because the court did not make a ruling on the violation of the motion in limine does not mean that the claim presented in this proceeding is not valid. Applicant has raised the issue of ineffectove assistance of counsel, for counsel's failure to object and move for a mistrial on the basis that the State's closing argument violated the motion in limine. The issue was not raised on direct appeal or addressed by the Court of Appeals.

In it's answer, the State proffers a speculative reason as to why Applicant's trial counsel objected the way he did. This Court should permit Applicant's trial counsel to respond to the issue raised as the issue is still controverted and previously unresolved. Perhaps counsel feels that it was his responsibility to object on the basis that the comments violated the motion in limine, that it was not his trial strategy to object the way he did, and that his performance was deficient. Only an opportunity for counsel to respond would resolve the controversy.

The State further argues that "[e]ven if Applicant's motion in limine was violated, this Court should not have granted a motion for mistrial,..." See State's Answer, p. 5. It is well known that a motion in limine seeks to avoid injection into trial of irrelevant, inadmissible, and prejudicial evidence and therefore prevents mistrials based on evidence irregularities. In the case at bar, a curative instruction could not have sufficiently cured the harm caused by the State's comments. The State intentionally inflamed the minds of the jury with one of its biggest fears, that Applicant was a serial child molester. The State's case was so weak that it felt the need to violate the motion in limine in

3

order to secure Applicant's convictions. Had the State not played upon the jury's biggest fear, Applicant would have been acquitted of the charges against him.

Applicant has met the requirements of both prongs of the **Strickland** standard. His counsel was deficient in not objecting to the State's improper closing arguements and moving for a mistrial on the basis that the comments violated the motion in limine. Applicant was prejudiced by the alleged error because his guilt-innocence was decided by a biased jury and had counsel properly objected, the trial court would have erred in not granting a mistrial.

## PRAYER

For the foregoing reasons, Peter Cain Bruton prays that this Court orders his trial counsel to submit an affidavit addressing his claim or the Court orders an evidentiary hearing to resolve the controverted facts. Applicant further prays that the Court enter an order recommending that this ground for relief be **granted**.

Respectfully submitted,

_____

PETER CAIN BRUTON
APPLICANT
TDCJ No. 1730014
Mark W. Michael Unit
2664 FM 2054
Tennessee Colony, Texas 75886

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the fore-going reply has been served by placing same in the United States Mail, postage prepaid, on this the 8th day of April, 2015, ad-dressed to:

Denton County
Criminal District Attorney's Office
1450 E. McKinney Street, # 3100
Denton, Texas 76209

_Cain Bruton_

PETER CAIN BRUTON
APPLICANT